IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Bailun Zhang, | NO. C 08-02589 JW |
|       Plaintiff, | **ORDER GRANTING DEFENDANT'S ALTERNATIVE MOTION TRANSFER ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA; DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AS MOOT** |
|   v. | |
| Michael Chertoff, | |
|       Defendant. | |

## I. INTRODUCTION

Bailun Zhang ("Plaintiff") brings this action against Department of Homeland Security ("DHS") Secretary Michael Chertoff ("Defendant"), in his official capacity, alleging violations of the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq*. Plaintiff alleges that Defendant has failed to promulgate regulations properly interpreting § 203(h)(3) of the Child Status Protection Act ("CSPA"), 8 U.S.C. § 1153(h)(3), and refused to use the proper priority date for certain eligible visa applicants.

Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgment.[1] The Court conducted a hearing on October 27, 2008. Based on the papers submitted to date and oral argument, the Court finds venue in this district to be improper and

---

[1] (Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or Stay Action, hereafter, "Motion to Dismiss," Docket Item No. 5; Plaintiff's Opposition to Defendant's Motion to Dismiss or Stay Action and Cross-Motion for Summary Judgment, hereafter, "Cross Motion for Summary Judgment," Docket Item No. 9.)

GRANTS Defendant's alternative Motion to Transfer to the Central District of California. The Court DENIES Plaintiff's Motion for Summary Judgment as moot.

## II.  BACKGROUND

In a Complaint filed on May 22, 2008, Plaintiff alleges as follows:

Plaintiff is a permanent resident of the United States, residing in the Northern District of California. (Complaint for Injunctive and Declaratory Relief ¶¶ 4, 7, hereafter, "Complaint," Docket Item No. 1.) Plaintiff's sister, May Xuihong Zhang, is a citizen of the United States who filed an immigration visa application ("I-130 petition") in 1991 on behalf of Plaintiff in order to obtain permanent residency for him in the United States. (Complaint ¶ 4.) May Zhang's I-130 petition was granted a priority date of April 11, 1991. (Id.)

In May 2008, Plaintiff and his wife immigrated to the United States from China pursuant to May Zhang's 1991 petition. (Id.) Plaintiff's son, Meihua Zhang, was not allowed by the United States Consulate in Guangzhou, China to immigrate with his parents because he had "aged out"–*i.e.*, reached the age of 21 before Plaintiff was granted a visa. (Id.) On May 9, 2008, Plaintiff filed an I-130 petition at the United States Citizenship and Immigration Services ("USCIS") California Service Station in Laguna Niguel on behalf of his son, Meihua Zhang. (Id. ¶ 4, Exs. 2, 3.) In his petition, Plaintiff requested that the USCIS assign Plaintiff's new petition the April 11, 1991 priority date of his sister's original petition pursuant to § 203(h)(3) of the CSPA. (Id. ¶ 10.)

There is no DHS directive to promulgate § 203(h)(3), and therefore the DHS does not refer to § 203(h)(3) in making determinations as to the "aging out" of children. (Id. ¶ 11.) The lack of directive by the DHS will cause Plaintiff's son to remain in China, separated from his parents, for at least nine more years. (Id. ¶ 12.) The DHS has acted contrary to the CSPA because § 203(h)(3) requires that the DHS accord Plaintiff's petition the original priority date of April 11, 1991. (Id. ¶ 13.)

2

On the basis of the allegations outlined above, Plaintiff seeks the following relief: (1) A declaration that DHS's conduct is contrary to § 203(h)(3) of the CSPA; (2) An order compelling Defendant to accord Plaintiff's May 2008 I-130 petition the original priority date of April 11, 1991 and to process the petition to its conclusion; (3) An order compelling Defendant to promulgate regulations in order to apply § 203(h)(3) of the CSPA within 60 days of the Court ruling; and (4) Attorney fees and costs.

Presently before the Court are Defendant's Motion to Dismiss and Plaintiff's Cross-Motion for Summary Judgment.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a complaint may be dismissed if it is brought in an improper venue. The plaintiff bears the burden of showing that venue is proper in the chosen district. Koresko v. Realnetworks, Inc., 291 F. Supp. 2d 1157, 1160 (E.D. Cal. 2003); McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); American Homecare Fed'n v. Paragon Sci. Corp., 27 F. Supp. 2d 109, 112 (D. Conn. 1998).

Unlike a motion to dismiss for failure to state a claim under Rule 12(b)(6), the pleadings need not be accepted as true and the court may consider supplemental written materials and consider facts outside of the pleadings in deciding a Rule 12(b)(3) motion. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1337 (9th Cir. 2004); Walker v. Carnival Cruise Lines, 107 F. Supp. 2d 1135, 1137 n. 2 (N.D. Cal. 2000). If genuine contested factual issues are presented, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party. Murphy, 362 F.3d at 1138-1140. Alternatively, the district court may hold a pre-trial evidentiary hearing on the disputed facts or may deny the motion with leave to re-file if further development of the record would eliminate any genuine factual issues. Id. at 1139.

Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). See King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992); District No. 1 Pacific Coast

District v. Alaska, 682 F.2d 797, 799 (9th Cir. 1982); Citizens For A Better Environment v. Union Oil Co., 861 F. Supp. 889, 897 (N.D. Cal. 1994). In determining whether to transfer or dismiss a case, the court may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper. See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1992). "A determination of improper venue does not go to the merits of the case and therefore must be without prejudice." See In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir. 1991).

Whether a transfer or a dismissal is in the interest of justice rests within the discretion of the district court. Cook v. Fox, 537 F.2d 370, 371 (9th Cir. 1976).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on the grounds that the Court lacks subject matter jurisdiction and venue is improper. (Motion to Dismiss at 1.) Since the venue issue may be dispositive, the Court considers that issue first.

**A.   Venue in the Northern District of California**

Title 28 U.S.C. § 1391(e) provides that in any civil action "in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority," venue is proper

> in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Here, there is no dispute that Plaintiff cannot establish venue in the Northern District based on subdivisions (1) and (2). First, under § 1391(e)(1), federal government defendants do not reside in every judicial district in which an agency has an office. Reuben H. Donnelly Corp. v. FTC, 580 F.2d 264, 267 (7th Cir. 1978); Williams v. United States, No. C-01-0024, 2001 WL 1352885, *1 (N.D. Cal. Oct. 23, 2001). Federal defendants are generally deemed to reside in the District of Columbia. Williams, 2001 WL 1352885, at *1; see also Reuben H. Donnelly, 580 F.2d at 267.

4

Case 8:09-cv-00093-JVS-SH   Document 30   Filed 12/15/08   Page 5 of 8   Page ID #:230

1  Second, under § 1391(e)(2), Plaintiff does not allege that a substantial part of the events or

2  omissions giving rise to his claim occurred in the Northern District of California.  Instead, Plaintiff

3  alleges that he filed his I-130 petition in Laguna Niguel, California, which is in the Central District

4  of California.  (Complaint ¶ 4.)  Thus, the Northern District of California is not a proper venue under

5  § 1391(e)(1) and (2).

6  The issue is whether Plaintiff can establish venue in the Northern District based on §

7  1391(e)(3).  Plaintiff resides in the Northern District of California and no real property is involved.

8  (Complaint ¶ 7.)  Thus, the Northern District of California would ordinarily be a proper venue for

9  this action under § 1391(e)(3).  However, Plaintiff is a permanent resident alien and courts have

10 treated plaintiffs bearing this status differently.  Particularly within the Northern District, Judge

11 Chesney has examined this very question in two factually similar cases to this case and found that §

12 1391(e)(3) does not apply to a permanent resident alien.  See Ou v. Chertoff, No. C-07-3676, 2008

13 WL 686869, *2 (N.D. Cal. Mar. 12, 2008); Li v. Chertoff, No. C-08-3540, 2008 WL 4962992, *2-3

14 (N.D. Cal. Nov. 19, 2008).  Under this general rule, a permanent resident alien plaintiff has no

15 residence for purposes of § 1391(e)(3) and therefore, cannot base venue on his place of residency.

16 See Ou, 2008 WL 686869, at *2.

17 Plaintiff contends that venue is proper in the Northern District of California because the

18 general rule for aliens does not apply to lawful permanent resident aliens.  (Cross-Motion for

19 Summary Judgment at 8.)  In support of this contention, Plaintiff relies on Gelin v. Ashcroft, No.

20 3:02CV1857, 2003 WL 23515993, (D. Conn. Jan. 13, 2003), and Abusdeh v. Chertoff, No. 05-2014,

21 2007 WL 2111036 (D.D.C. Jul. 23, 2007).  Judge Chesney distinguished Gelin and Abusdeh

22 because they did not address the issue regarding permanent resident aliens.  Ou v. Chertoff, 2008

23 WL 686869, at *2; see also Li, 2008 WL 4962992, at *2-3 (applying the same analysis).  Further,

24 Judge Chesney found that a permanent resident alien plaintiff would not be denied due process

25 "[b]ecause an alternative forum exist[s]" for his claim.  Ou, 2008 WL 686869, at *2.

26

27

28                                                         5

1 The Court finds Judge Chesney's reasoning in both <u>Ou</u> and <u>Li</u> persuasive. Since § 1391(e) is silent with respect to the rights of permanent resident aliens to bring an action in the district of their residence, it is reasonable to infer that when Congress intends "to allow aliens to bring an action in the district of their residence, Congress has expressly done so." <u>Ou</u>, 2008 WL 686869, at *2 (citing 28 U.S.C. § 1332(a) and 8 U.S.C. § 1421(c)).

Accordingly, the Court finds venue improper in this district. The Court considers whether to transfer the case to the Central District under 28 U.S.C. § 1406(a).

**B.** **<u>Transfer to the Central District of California</u>**

Under 28 U.S.C. § 1406(a), a court may transfer a case laying venue in the wrong district to a district in which it could have been brought "if it be in the interest of justice." In this case, both Plaintiff and Defendant have expressed an interest in transferring the case to the Central District of California. (Cross-Motion for Summary Judgment at 8; Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or Stay at 2, Docket Item No. 13.)

The Central District of California is a district where Plaintiff could have brought this action because Plaintiff's I-130 petition was filed with the USCIS California Service Center in Laguna Niguel, California, located in the Central District of California. Further, Plaintiff seeks relief that would compel the USCIS to take an action that would occur in the Central District of California. (Complaint, Exs. 2, 3.) In addition, Defendant has notified the Court that several cases involving the same or similar legal issues under the CSPA have been filed in the Central District, including a putative class action.[2]

Accordingly, in the interest of justice, the Court transfers this action to the Central District of California under § 1406(a).

---

[2] (Supplemental Declaration of Melanie Proctor, Ex. M, Docket Item No. 12; Supplemental Notice of Related Cases, Docket Item No. 18.)

6

## V.  CONCLUSION

The Court GRANTS Defendant's Alternative Motion to Transfer Venue.  Pursuant to 28 U.S.C. § 1406(a), the Court transfers the action to the Central District of California.  The Court DENIES Plaintiff's Motion for Summary Judgment as moot.

The Clerk shall immediately transfer this action to the Central District of California and close this file.

Dated:  December 15, 2008

JAMES WARE
United States District Judge

7

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Justin X. Wang justin@lawbw.com
Melanie Lea Proctor Melanie.Proctor@usdoj.gov

4 **Dated:  December 15, 2008**                              **Richard W. Wieking, Clerk**

6                                                            **By:  /s/ JW Chambers
                                                                Elizabeth Garcia
                                                                Courtroom Deputy**